Wickham, J.
(orally).
There can be no question that the law imposes a duty upon municipal corporations to keep all of their public streets free from obstruction and in a proper condition for public travel; nor can there be any doubt but that the law does not allow a person to put an obstruction upon a public street, and that the public streets include the sidewalks, because they are part of the streets —they are set apart for foot passengers.
But I think that that rule must be taken with some limitation. There is no doubt that in modern times, the public taste is in the direction of beautifying and ornamenting public streets in a municipal corporation. Grass plots are made and trees are planted for the purpose of' ornamentation and shade, and I take it that it will not be seriously questioned that a municipal corporation has the right to set apart certain parts of the public streets for planting trees and growing grass, or for any other mode or method of ornamentation. We see it every day in cities.
The plaintiff in this case claims, in the petition, that the street was obstructed by means of a wire placed along the ground, from twelve to fifteen inches high. The evidence shows that the *527 street is a paved street, and that, between the curb and the sidewalk, there was a space of about three feet, which is sod, or lawn, and that there are shade trees planted there. The plaintiff’s own witnesses testify that there are four shade trees planted along near where plaintiff received the injury.
If the contention of counsel for the plaintiff is true, then everything planted there is an obstruction to the public highway. The trees would be an obstruction, and if the plaintiff had started across the gross plot, and had run against a tree and had been injured, he would have come in contact with an obstruction in the public street, and the city would be liable for damages.
But is that a proper construction of the law? I am inclined to think that it is not. I think the municipal authorities have a right to set aside a part of the streets for the purpose of ornamentation, and a part of the sidewalk, and that the public has no right to travel across it.
If we concede the right of the public to cross grass plots and lawns, we must at the same time hold that the city is liable for any injuries that might occur to persons crossing grass plots. It can not be claimed that a traveler in the public streets would have a right to drive across a park between two drive-ways on the same street, and if he ran. against a stone or tree, and was injured that he would have a right to damages. No one, I think, would make that claim seriously.
All those thing's must be taken into consideration to determine whether the duty is imposed upon the city to remove a certain obstruction, or whether the city would be liable in permitting it to remain where it is placed.
I do not think the case turns so much upon the question of • contributory negligence on the part of the plaintiff, as it does upon the question of a lack of duty on the part of the city and the other defendant, Mr. Evans. We must assume that this grass plot was constructed according to plans proposed by the city, because the city has the right, and it is its duty, to superintend and determine the manner in which sidewalks shall be constructed, or the material out of which they shall be made, how wide they shall be, and all that. There is no evidence to the contrary in this case, and I think we must assume that this grass *528 plot and this sidewalk were constructed according to the plans of the city, whether done by the city or by the lot-owner. The sidewalk was made six feet wide and the grass plot three feet wide, and for the purpose of protecting that grass plot a wire was put up, and the plaintiff tripped on it.
I think this case is to be determined by the question of whether the plaintiff had the right to cross that grass plot. I think he would not have a right to cross that grass plot any more than he would a park between two drive-ways on the same street with a horse and buggy. So much of it is taken out, or reserved from public travel; and I can see no liability upon the part of the defendants for that reason. The plaintiff had no right to cross that grass plot. If he had tripped upon a wire along the sidewalk, it would have been different. But he attempted to cross the grass plot, and the wire along the edge of the grass plot was a warning to keep off the grass, and the only way that you can make grass grow is to keep off it. If the space was traveled by the public, there would be no grass there, and you would have no grass plot. In order to protect shade trees, and for the maintenance of a grass plot, it is necessary for the public to keep off.
By Phil. B. Smythe: Does Your Honor .hold that an individual has the right to set apart a part of the street for that purpose? There isn’t any evidence that the city did that; and there is no allegation of that, either.
The Court: Sidewalks are constructed according to plans made by the city. It is to determine how they shall be constructed and or what material; and I think, in this case, that we must assume that this sidewalk was constructed according to the plans made by the city. That being so, then this was a sidewalk made by the city, and the grass plot was made by the city.
The wire was put up there to keep people from traveling upon the grass plot, and the plaintiff, in attempting to cross it, was going where he had'no right to be. The city, and Mr. Evans, owed^him no duty to protect him when crossing the grass plot. That is the. ground upon which I think the decision should be based.
Motion to direct a verdict for the defendants will be sustained.